IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00360-CR

 

Cheyenne Pate,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 77th District
Court

Limestone County, Texas

Trial Court No. 8660-A-1

 



MEMORANDUM Opinion



 

A jury convicted
Cheyenne Pate of burglary of a habitation on December 12, 1996.  The trial
court assessed punishment at 32 years confinement.  On April 1, 1998, this
Court affirmed Pate’s conviction in Cause No. 10-07-00015-CR.  On August 20,
2009, Pate filed a pro se “Post Conviction For DNA Testing and Appointment of
Counsel.”  The trial court entered an order denying Pate’s request.  We affirm.

Pate argues in
two issues on appeal that the trial court erred in denying his request for DNA
testing and in denying his request for counsel in regard to DNA testing.  Pate
was convicted of burglarizing a trailer house.  A stereo and compact discs
(CDs) were missing from the house, and these items were later recovered.  Pate
argues that no DNA testing was conducted on these items and also that no DNA
testing was conducted at the trailer house.  Pate requests the items be tested
for skin, sweat, hair, and fingerprints.  In its response to Pate’s motion, the
State contends that the only items still available are a CD carrying case and
some CDs.

Article 64.03
(a) of the Code of Criminal Procedure states that a convicting court may order
forensic DNA testing only if:

(1) the court
finds that:

            (A) the evidence:

            (i) still exists and is in a
condition making DNA testing possible;  and

            (ii) has been subjected to a
chain of custody sufficient to establish that it has not been substituted,
tampered with, replaced, or altered in any material respect;  and

(B) identity was
or is an issue in the case; and

            (2) the convicted person
establishes by a preponderance of the evidence that:

            (A) the person would not
have been convicted if exculpatory results had been obtained through DNA
testing;  and

            (B) the request for the
proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.        

 

Tex. Code
Crim. Pro. Ann. art. 64.03(a) (Vernon Supp. 2010).

The record
before us does not show, and the trial court did not find, that the evidence
has been subjected to a sufficient chain of custody and not altered in any
material respect.  The record shows that the CDs and stereo were sold after the
burglary and could contain DNA evidence or fingerprints of persons other than
the burglar.  The items in question were trial exhibits, and therefore, handled
by numerous persons during the trial.  The absence of Pate’s DNA material or
fingerprints on any of the items in question would not establish his
innocence.  The trial court did not err in denying Pate’s request for DNA
testing.  We overrule Pate’s first issue on appeal.

A convicted
person is entitled to counsel during a proceeding under Chapter 64 of the Code
of Criminal Procedure for DNA testing if the court finds reasonable grounds for
a motion to be filed.  See Tex. Code
Crim. Pro. Ann. art. 64.01(c) (Vernon Supp. 2010).

 After reviewing Pate’s motion and the
State’s response, the trial court found no reasonable grounds for the motion to
be filed.  We have reviewed the record before us, and we find that the trial
court did not err in denying Pate’s request for counsel in regard to his motion
for DNA testing.  We overrule Pate’s second issue on appeal.

            We affirm the trial court’s
order denying Pate’s “Post Conviction For DNA Testing and Appointment of
Counsel.”

 

                                                                        AL
SCOGGINS

                                                                        Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed February 23, 2011

Do
not publish 

[CRPM]